### FISCHER v. AUTOMOBILE SUPPLY MFG. CO., Inc.

(Circuit Court of Appeals, Second Circuit. November 11, 1913.)

No. 51.

PATENTS (§ 328*)—INVENTION—FLEXIBLE SHAFT.

The Schmidt & Grundmann patent, No. 969,660, for a flexible shaft, *held* void for lack of patentable invention, in view of the Almond patent, No. 434,748, for a flexible tube.

In Error to the District Court of the United States for the Eastern District of New York.

Action at law by Charles Fischer against the Automobile Supply Manufacturing Company, Incorporated. Judgment for defendant, and plaintiff brings error. Affirmed.

For opinion below, see 201 Fed. 543.

On writ of error to the District Court for the Eastern District of New York to review a judgment dismissing the amended complaint with costs.

The original complaint alleged infringement of the Schmidt & Grundmann patent No. 969,660 and demanded judgment for damages in the sum of $6,000. The defendant moved to make the complaint more definite and certain, which motion was granted (199 Fed. 191) and an amended complaint was served which, in paragraph numbered "Tenth," alleges as follows:

"That plaintiff further alleges that the infringement complained of is not by the manufacture of flexible shafts such as shown and illustrated in the Al-

mond patent No. 434,748, granted August 19, 1890, or in the Scognamillo patent No. 785,523 granted March 21, 1905."

Claim 2 of the Almond patent is as follows:

"2. The flexible tube composed of the inner coil $D$, combined with the outer coil $A$, of triangular cross-section, having concave faces $a$, the coil $D$ having curved faces $b$ corresponding to the concave faces $a$ of the coil $A$, the convolutions of the coil $A$ being interposed between the convolutions of the coil $D$, so that the concave faces $a$ $a$ are in contact with the convex-faces $b$, substantially as herein shown and described."

Claims 1, 3 and 4 of the Schmidt & Grundmann patent are as follows:

"1. A flexible hollow shaft, comprising in combination a spirally coiled wire of circular cross-section, and a spirally coiled body having concave lateral faces abutting against each turn or convolution of said wire."

"3. A flexible hollow shaft comprising in combination a spirally coiled wire of circular cross-section, and a spirally coiled body having concave lateral faces between the turns or convolutions of said wire and abutting against the outside of each turn or convolution of the wire, as set forth.

"4. In a flexible hollow shaft comprising in combination a spirally coiled wire of circular cross-section, and a spirally coiled wire having two concave lateral faces receiving the adjacent sides of the wire of circular cross-section, substantially as shown, and for the purpose specified."

By a disclaimer dated October 1, 1912, the patentees disclaimed:

"The subject-matter of claims 1 and 3, except where the abutting surfaces of the two wires meet and rest against each other for a considerable area, and the radius of curves of the two abutting surfaces are of substantially the same radius.

"Also the subject-matter of claim 4, except where the two concave lateral surfaces are of substantially the same radius."

Thereafter the defendant filed a demurrer to the amended complaint, as further amended by the disclaimer, alleging that it appears upon the face of the complaint that the said patent is invalid, so far as the said claims are concerned, for lack of novelty and invention and that whatever, if anything, is new in the combinations of said claims, respectively, was not the alleged invention of the patentees and that the said combinations are not definitely distinguishable from the parts admitted to have been claimed without right and that what is now claimed is not a material part of the flexible shaft originally patented. Claim 2 of the patent is not relied on.

The opinion of the District Court is reported in 201 Fed. 543.

F. Warren Wright and Fred Francis Weiss, both of New York City, for plaintiff in error.

C. A. L. Massie and Ralph Lane Scott, both of New York City, for defendant in error.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

COXE, Circuit Judge (after stating the facts as above). The question to be determined is whether, in view of the disclosures of the prior patent to Almond of August 19, 1890, the claims in controversy can be sustained. Both patentees had in mind the accomplishment of the same result. Twenty years before the date of the patent in

suit for a "flexible shaft" Almond had obtained a patent for a "flexible tube." The Almond patent expired prior to the date of the commencement of this action, leaving the public free to use the tube described and claimed therein. Although the question arises upon demurrer to the amended complaint, we are permitted to consider the Almond patent because it is specifically referred to in the amended bill. It is manifestly in the interests of both parties that the question of validity should be decided in limine rather than at the end of a long and expensive trial.

The principal argument upon which patentability rests is that the plaintiff's device is lighter and cheaper than that of the defendant. Invention cannot be predicated of cheapness and lightness alone unless these advantages are produced by the exercises of inventive skill. We are unable to find in the patent in suit any change from the Almond construction which is beyond the capacity of the skilled mechanic. The disclaimer does not aid the plaintiff for it will be seen that, even when the claims are limited to a structure where the abutting surfaces of the two wires meet and rest against each other and the radius of the curves of the two abutting surfaces are substantially the same, nothing is disclosed which is not substantially shown by Almond. In his specification he says:

"This curved or concaved triangle in contact with the inner coil $D$ is shown in Fig. 3 and has the advantage of giving a still greater contact-face and of producing a tighter joint when the tube is bent; but Fig. 5 shows a still better form in that the inner coil $D$ has contact-faces $b$ on the same curve as the contact-faces $a$ of the concave triangles $A$.

One way of making this improved tube is to first place around a mandrel $B$ the coil $D$ and then to force between the convolutions of that coil the triangular coil $A$, so that the wedge-like convolutions of this coil $A$ will enter between the convolutions of the coil $D$, tending to spread them apart, and insuring therefore a tight joint, which will be maintained tight even when the tube is bent to a reasonable degree. In using the tube the mandrel is of course removed."

We fail to find in the patent in suit any patentable novelty, in view of the disclosures of the Almond patent.

The judgment is affirmed with costs.